**SIGNED THIS: April 7, 2022**

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CLARENCE POWELL** and ) | Case No.   20-80154 |
| **BETTY J. POWELL,** ) | |
| ) | |
| Debtors. ) | |

**OPINION**

This Chapter 13 case is before the Court on a motion to modify filed by the Chapter 13 Trustee, Marsha Combs-Skinner, under §1329(a)(1) seeking modification of the confirmed plan to increase the distribution to unsecured creditors due to property inherited by the Debtor, Clarence Powell, more than 180 days after the date of filing. The Debtors oppose the motion, contending that the inherited property is not property of the estate and does not provide a basis for modifying their plan to increase payments to unsecured creditors.

**FACTUAL BACKGROUND**

The facts are not disputed. The Debtors filed their joint petition for relief under Chapter 13 on February 4, 2020 and their plan was confirmed on October 8, 2020, providing that the Debtors would make monthly payments to the Trustee for sixty months totaling $93,780. On January 22, 2021, the confirmed plan was modified on the Debtors' motion alleging a COVID related job interruption and seeking relief under the CARES Act, extending the term to seventy-seven months and increasing the total payments to $97,050. The confirmed plan as modified would pay only a small percentage of the approximately $30,000 in filed unsecured claims.

Significantly, in paragraph 8 of the official form Chapter 13 plan used by the Debtors, dealing with "Property of the Estate," they checked the box to elect the following provision:

> "Upon confirmation, all property of the estate shall vest in the Debtor. Notwithstanding this provision, the Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition pursuant to 11 U.S.C. §1306."

The second sentence quoted above was added specially by the bankruptcy judges of the Central District of Illinois to the official form Chapter 13 Plan adopted for use in this district.

On November 24, 2020, 294 days after the petition date, Clarence Powell's mother passed away. On February 11, 2021, pursuant to Rule 1007(h) of the Federal Rules of Bankruptcy Procedure, the Debtors filed a schedule of post-petition property disclosing that Mr. Powell inherited his mother's home in Oglesby, Illinois valued at $140,000 with no mortgage, along with furnishings valued at $0, claiming no exemption in the inherited assets. The schedule includes a statement of Mr. Powell's need to clear title to the real estate through probate and of his intent to thereafter sell the house.

The Chapter 13 Trustee filed a motion under §1329(a)(1) to modify the plan to increase the total amount to be paid by the Debtors to an amount sufficient to pay unsecured claims in full, based upon the value of the inherited property. The Debtors object to the proposed

2

modification on the grounds that the inherited real estate is not property of the bankruptcy estate. The parties have filed briefs in support of their respective positions.

## ANALYSIS

In their brief, the Debtors make two alternative arguments, without addressing the effect of paragraph 8 of their plan. First, they argue that the 180-day post-petition time frame for inherited property to be included as property of the estate, set forth in §541(a)(5), continues to be effective in Chapter 13 cases notwithstanding §1306. Second, they contend that the Seventh Circuit, in *Matter of Heath,* 115 F.3d 521 (7th Cir. 1997), adopted the "estate transformation approach." Under that approach, as defined by other courts, property acquired by a Chapter 13 debtor after plan confirmation does not enter the estate unless necessary to fund the payments required under the confirmed plan. From this perspective, any property interest acquired by a Chapter 13 debtor after plan confirmation would only become property of the estate if the acquisition had been expected and disclosed by the debtor and a corresponding future payment increase provided for in the plan or confirmation order. Unexpected acquisitions would not become property of the estate, meaning the confirmed plan could not be modified to capture and administer that new value for the benefit of unsecured creditors. The Debtors argue that *Heath* is a circuit precedent that controls the outcome of this dispute.

The Debtors do not dispute the most fundamental aspect of "property of the estate," that inclusion of property in the bankruptcy estate makes that property or its value available for distribution to creditors. *Rousey v. Jacoway,* 544 U.S. 320, 325 (2005); *Begier v. I.R.S.,* 496 U.S. 53, 58 (1990). To help the debtor obtain a fresh start, the Bankruptcy Code permits the debtor to claim an exemption in certain assets. Allowance of an exemption removes the exempted property, or a portion of its value if the exemption has a value limit, from the estate and,

3

accordingly, from the reach of creditors. See *Rousey,* 544 U.S. at 325. The Debtors claim no exemption in the property inherited by Mr. Powell.

While they argue that the inherited property is not property of the estate, the Debtors do not dispute that the effect of a determination that it is property of the estate by operation of §1306(a)(1) would mean that the inherited property or its value becomes available for the benefit of unsecured creditors. Generally, in Chapter 13 cases, the estate from which creditors may be paid includes wages and property acquired while the case is pending. *Harris v. Viegelahn,* 575 U.S. 510, 514 (2015). Modification of a confirmed plan under §1329 of the Bankruptcy Code is the procedure by which property acquired after confirmation may be administered for the benefit of creditors in furtherance of the policy that debtors who choose relief under Chapter 13 are committing to pay their creditors over a three to five year period based upon the debtor's "ability-to-pay," which may improve or decline during the repayment term.

It is well-established that §1329 carries the ability-to-pay standard forward to the end of the plan term so that positive changes in the debtor's financial circumstances may warrant a plan modification to increase distributions to creditors. *Germeraad v. Powers,* 826 F.3d 962, 971 (7th Cir. 2016) (collecting cases). This conclusion is evidenced by the 1984 amendments to §1329(a) to permit trustees and unsecured creditors (not just debtors) to request plan modification. *Id.* at 971-72. Post-confirmation plan modification to decrease distributions may be sought by a debtor who has suffered a decrease in income or by the trustee or an unsecured creditor to increase distributions if the debtor gains an increase in income or a windfall such as an inheritance. *In re Trumbas,* 245 B.R. 764, 767 (Bankr. D. Mass. 2000).

**§1306(a)(1) versus §541(a)(5)**

4

Generally applicable in all bankruptcy cases, §541(a) uses the commencement of the case (the filing of the bankruptcy petition) as the temporal cutoff point for determining what property interests of the debtor become property of the bankruptcy estate. Section 541(b) excludes from the estate ten kinds of property interests, reflecting a congressional policy choice that those property interests should be outside the reach of creditors in bankruptcy. Apart from those exclusions, all other property interests acquired by a debtor before the case is commenced are part of the estate while property interests acquired after the case is commenced are, with one exception, not included in the estate and are not subject to the claims of prepetition creditors. The exception is §541(a)(5), which extends the inclusion period for 180 days after the petition filing date for, among other things, property that the debtor acquires or becomes entitled to acquire by bequest, devise or inheritance.

Specifically with respect to Chapter 13 cases, the Bankruptcy Code extends the temporal cutoff point for property interests included as estate property, thereby creating an enlarged estate for purposes of Chapter 13 cases as compared to cases under Chapter 7. Under §1306(a)(1), the property of the estate inclusion period is extended throughout the plan's repayment term to capture property "of the kind specified" in §541 "that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." 11 U.S.C. §1306(a)(1).[1] Since §1306 itself provides a temporal extension, the phrase "of the kind" used in §1306(a)(1) is best construed to incorporate the types of property described in §541, including a bequest, devise or inheritance under §541(a)(5), but not the 180-day temporal restriction that would apply in

---

[1] A similar extended time period has been adopted for cases under Chapter 12, in §1207, and cases under the recently enacted Chapter 11, Subchapter V, in §1186, if a plan is confirmed without the consent of all classes of creditors.

Chapter 7. *In re Tinney,* 2012 WL 2742457 (Bankr. N.D. Ala.); *Carroll v. Logan,* 735 F.3d at 150. The extended temporal cutoff point of §1306(a), being specific to Chapter 13 cases, is controlling over the generally applicable line of demarcation set forth in §541(a)(5). *Id.* at 152.

The Debtors' first argument, that §541(a)(5)'s 180-day post-petition time limit for certain property including inheritances to be included in the estate remains applicable in Chapter 13 cases, has been rejected by a large majority of courts, with the result that the Chapter 13 estate includes inheritances, insurance proceeds and other windfalls acquired by the debtor more than 180 days after the petition date. *Carroll v. Logan,* 735 F.3d 147, 151 (4th Cir. 2013) (an "overwhelming majority of courts" agree that §1306 extends the §541(a)(5) time period in Chapter 13 cases, collecting cases and treatises); *In re Moore,* 602 B.R. 40, 46 (Bankr. E.D. Tenn. 2019); *In re Dale,* 505 B.R. 8, 12 (9th Cir. BAP 2014); *In re Drew,* 325 B.R. 765, 770 (Bankr. N.D. Ill. 2005).

The Debtors rely on the minority line of cases, citing *In re Key,* 465 B.R. 709 (Bankr. S.D. Ga. 2012) and *In re Schlottman,* 319 B.R. 23 (Bankr. M.D. Fla. 2004). These courts reason that since the exclusions from estate property set forth in §541(b) are unaffected by §1306(a), and the 180-day time limit of §541(a)(5) operates to exclude later acquired property, consistency requires that the temporal limitation of §541(a)(5) must be preserved in chapter 13 cases the same as the other exclusions in §541(b). As most other courts have, this Court disagrees with that reasoning.

The Seventh Circuit Court of Appeals addressed the issue of property inherited by a Chapter 13 debtor more than 180 days after filing the petition in *Matter of Lybrook*, 951 F.2d 136 (7th Cir. 1991) (Posner, J.), involving a couple who operated a farm in Indiana who filed a Chapter 13 petition in March 1986. When his father passed away in January 1987, Mr. Lybrook

6

inherited $70,000 worth of farmland under his father's will. In June 1987, the Lybrooks converted their case to Chapter 7. A motion to compel turnover of the inherited property to the Chapter 7 trustee was granted by the bankruptcy court and affirmed by the district court.

Upon appeal to the Seventh Circuit, the court reasoned that the plain meaning of §1306(a)(1) was to remove the 180-day limitation for property inherited by Chapter 13 debtors that was otherwise applicable in Chapter 7 cases under §541(a)(5). The court concluded that the inherited property was "of the kind specified" in §541 and thus became property of the Chapter 13 estate when Mr. Lybrook's father died in January 1987 notwithstanding that he died more than 180 days after the bankruptcy filing. The court went on to hold that the property continued to be part of the Chapter 7 estate following conversion and could be administered by the trustee for the benefit of creditors.[2]

The Debtors' first argument must be rejected. Following the majority of other courts and the Seventh Circuit's reasoning in *Lybrook,* this Court determines that §1306(a) operates to create a temporally enlarged estate in Chapter 13 cases that includes the kinds of property described in §541(a) that the debtor acquires or becomes entitled to acquire before the case is closed, dismissed or converted, including the kinds of property described in §541(a)(5).

**§1306(a)(1) versus §1327(b)**

The Debtors' second argument, that controlling authority from the Seventh Circuit defeats the Trustee's attempt to modify their confirmed plan, fails for two reasons. First, paragraph 8 of their confirmed plan provides that notwithstanding the vesting of the property of the estate in the Debtors at confirmation, the Trustee retained her rights with respect to post-

---

[2] *Lybrook's* holding, that the inherited real estate that became property of the estate while the case was in Chapter 13 remained property of the estate after conversion to Chapter 7, was abrogated by an amendment to §348(f). However, *Lybrook's* reasoning that under §1306(a)(1) inherited property acquired more than 180 days after the petition date becomes property of the estate was not affected by the amendment.

petition property under §1306. The Debtors offer no argument to escape the operation of §1327(a), providing that the provisions of a confirmed plan bind the debtor. It is well settled that a confirmed plan binds the parties to its terms. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260 (2010). The Debtors cannot now be heard to repudiate a provision of their confirmed plan.

Second, even if the Debtors' plan had not expressly preserved the Trustee's rights under §1306, the Debtors' reliance on *Matter of Heath,* 115 F.3d 521 (7th Cir. 1997) (Posner, J.) as authority that compels denial of the Trustee's motion to modify is misguided and must be rejected. Underlying their argument is the issue of whether or not the "vesting" of estate property in the debtor upon confirmation, as provided in §1327(b), renders inoperative §1306(a)'s inclusion in the estate of property acquired after confirmation.

The Debtors contend that *Heath* is a landmark bankruptcy decision in which the Seventh Circuit adopted the "estate transformation approach," one of four approaches courts have used to reconcile §1327(b) with §1306(a). See, e.g., *In re Larzelere,* 633 B.R. 677 (Bankr. D. N.J. 2021) (labelling the approaches as "estate preservation," "estate termination," "estate transformation" and "estate replenishment").[3] Under the estate transformation approach, vesting upon confirmation is construed to mean that the post-confirmation estate continues to exist but contains, after confirmation and throughout the subsequent term of the plan, only that property "necessary to performance of the plan," to the complete exclusion of all other property acquired after confirmation, thereby cancelling the post-confirmation effect of §1306(a). *Id.* at 681.

---

[3] While several bankruptcy courts have characterized *Heath* as putting the Seventh Circuit in the estate transformation camp, it appears the first court to do so was the Eleventh Circuit in *Telfair v. First Union Mortgage Corp.,* 216 F.3d 1333, 1340 (11th Cir. 2000), a case concerning the extent to which a Chapter 13 debtor's post-petition wages are protected by the automatic stay, adopting *Heath's* reasoning that confirmation returns property of the estate to the control of the debtor except as necessary to the plan. The Eleventh Circuit subsequently adopted the estate replenishment approach in *In re Waldron,* 536 F.3d 1239 (11th Cir. 2008).

8

A careful reading of the *Heath* opinion leads to the conclusion that the Seventh Circuit did not adopt the estate transformation approach or any of the competing approaches. The issue in *Heath* was whether the Chapter 13 trustee had standing to bring suit on behalf of the debtor to obtain a refund of $50 deducted by her employer from her post-confirmation wages as an expense attributable to the wage garnishment initiated by the trustee to collect the Chapter 13 plan payments. The Seventh Circuit found no standing for the trustee and no jurisdiction for the bankruptcy court to adjudicate a dispute that had no effect on the confirmed plan. None of the four approaches, including the estate transformation approach, are even mentioned in the *Heath* opinion despite the fact that the district court, at the first level of appeal, analyzed those approaches quite extensively. See *In re Heath,* 198 B.R. 298, 303-305 (S.D. Ind. 1996). Instead, Circuit Judge Posner elected not to address those approaches at all, much less adopt one, presumably because it was not necessary to support the holding that the trustee lacked standing and the bankruptcy court lacked even "related to" jurisdiction over a dispute concerning an inconsequential amount of the debtor's post-confirmation wages that was not shown to have any effect on the confirmed plan.

It is incorrect to consider *Heath,* which did not involve a proposed plan modification to account for property acquired post-petition, as the adoption by the Seventh Circuit of the estate transformation approach. As a case involving unusual facts, *Heath* should not be accorded any greater breadth of application than Judge Posner gave it in his Opinion, that a Chapter 13 debtor retains possession and control, to the exclusion of any interest and thus standing of the trustee, over her post-confirmation wages except for the amount necessary to fund the confirmed plan.[4]

---

[4] Neither did Judge Posner in *Heath* repudiate or even address his earlier decision in *Lybrook.* which is a strong indication that he saw no conflict between the two and that *Heath* is properly limited to the issue of control over a Chapter 13 debtor's wages as it affects the trustee's standing and, correspondingly, the bankruptcy court's jurisdiction.

9

The Seventh Circuit later described *Heath's* holding as follows: "*Heath* holds that the trustee may bring actions *only for the benefit* of the estate, rather than for the benefit of the debtor." *Cable v. Ivy Tech State College,* 200 F.3d 467, 473 (7th Cir. 1999).

Two subsequent Seventh Circuit opinions support rejection of the estate transformation argument. The Seventh Circuit issued its opinion in *In re Willett,* 544 F.3d 787 (7th Cir. 2008), eleven years after its opinion in *Heath*, addressing a Chapter 13 case where the debtors owned a remainder interest in real estate when they filed their petition and subsequently obtained a fee simple interest, acquired twenty-one months after their plan was confirmed. The Seventh Circuit held that the fee simple interest acquired by the Willetts post-confirmation became property of the estate by operation of §1306(a) and was properly valued as of the date of acquisition. The court cited with approval *In re Drew,* 325 B.R. 765 (Bankr. N.D. Ill. 2005) for the proposition that property that a Chapter 13 debtor acquires post-petition becomes property of the estate pursuant to §1306 and reasoned that a contrary reading would render that provision "meaningless." 544 F.3d at 791-92. The Seventh Circuit in *Willett* did not find it necessary to distinguish or even mention its earlier opinion in *Heath,* and the holding and reasoning of *Willett* stand in contradiction to the estate transformation approach.

In 2016, the Seventh Circuit issued its opinion in *Germeraad v. Powers (In re Powers),* 826 F.3d 962 (7th Cir. 2016), a case where the Chapter 13 trustee moved to modify a confirmed plan after discovering the debtors' income had significantly increased after confirmation. Reversing the district court, the Seventh Circuit held "that a bankruptcy court may allow modification to increase the debtor's payments if, in its discretion, it concludes that a change in the debtor's financial circumstances makes an increase in payments affordable." *Id.* at 974. The court reasoned that such a modification "is consistent with Chapter 13's policy of requiring

10

debtors to repay creditors to the extent they are able." *Id.* Once again, the court saw no need to cite to its earlier decision in *Heath* or address vesting under §1327(b).

In this Court's view, the *Willett* and *Powers* opinions put to rest once and for all the mistaken idea that the Seventh Circuit adopted the estate transformation approach in *Heath.* Instead, while it has not yet expressly adopted any of the four approaches, the Seventh Circuit's decisions in *Lybrook, Willett* and *Powers,* taken together, are most consistent with the approach adopted by the First Circuit in *Barbosa v. Solomon,* 235 F.3d 31 (1st Cir. 2000), which has since come to be known as the estate replenishment approach. The Eleventh Circuit has also now adopted the *Barbosa* rationale. *In re Waldron,* 536 F.3d 1239 (11th Cir. 2008).

Recognizing that the vesting effect of §1327(b) logically may only apply to property that is part of the estate at the time the plan is confirmed, the estate replenishment approach has become the favored approach among courts in circuits without an established circuit precedent.[5] *In re Fisher,* 203 B.R. 958 (N.D. Ill. 1997) (applying the reasoning laid out by Bankruptcy Judge Eugene Wedoff in the lower court opinion, 198 B.R. 721); *United States v. Harchar,* 371 B.R. 254 (N.D. Ohio 2007); *In re Mullins,* 2009 WL 3160361 (S.D. W.Va.); *In re Larzelere,* 633 B.R. 677 (Bankr. D. N.J. 2021); *In re Gonzales,* 587 B.R. 363 (Bankr. D. N.M. 2018); *In re Wilson,* 555 B.R. 547 (Bankr. W.D. La. 2016); *In re Clouse,* 446 B.R. 690 (Bankr. E.D. Pa. 2010); *In re Wetzel,* 381 B.R. 247 (Bankr. E.D. Wisc. 2008); *In re Guentert,* 206 B.R. 958 (Bankr. W.D. Mo. 1997). This Court agrees with what now appears to be the majority position, that the estate replenishment approach correctly reconciles §1306(a) with §1327(b). The Debtors' argument

---

[5] Most courts now agree that assets that a Chapter 13 debtor acquires unexpectedly after confirmation "by definition do not exist at confirmation and cannot be returned to him then." *In re Waldron,* 536 F.3d 1239, 1243 (11th Cir. 2008).

11

that *Heath* is binding authority that compels denial of the Trustee's motion to modify is not accepted.

In effect, the "vesting problem" arising out of the intersection of §1327(b) and §1306(a), as perceived by other courts, has not been treated as an impediment to plan modification by the Seventh Circuit Court of Appeals, which has recognized the distinction made in §1306(a) between earnings from services performed by the debtor and all other property interests that a debtor might acquire of the kind specified in §541(a). *Lybrook* and *Willett,* dealing with property interests other than earnings, support the conclusion that non-wage property interests acquired after confirmation become part of the estate by operation of §1306(a)(1), notwithstanding §1327(b). Having become part of the post-confirmation estate, those property interests are a proper basis for plan modification under §1329.

*Heath* and *Powers* deal with a debtor's post-confirmation earnings but with an important difference, that being a significant post-confirmation increase in earnings in *Powers.* That increase in earnings, not anticipated by or addressed in the confirmed plan, becomes property of the estate under §1306(a)(2) and, as such, provides a proper basis for a plan modification. By way of contrast, *Heath* did not involve an unanticipated post-confirmation increase in wages. Instead, it addressed the debtor's projected future earnings that had been accounted for in the plan by providing for the submission of "such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan," as required by §1322(a)(1). Any "vesting" in the debtor under §1327(b) of the portion of the debtor's projected wages that the trustee could claim no interest in since those funds were *not* necessary for the execution of the plan, simply emphasizes the finality of what the confirmed plan itself already achieved by designating a specific and limited amount of the debtor's

projected earnings to be submitted to the trustee's control. In that light, to the extent vesting under §1327(b) applies at all to the debtor's future wages, the vesting in the debtor of that portion of his projected earnings that are not allocated to the trustee in the plan is in no way inconsistent with §§1306 and 1329.

The practical significance of the term "vesting" is best understood by reading §1327(b) in conjunction with §1327(c), which provides that the property that vests in the debtor "is free and clear of any claim or interest of any creditor provided for by the plan," and with §1327(a), which provides that the confirmed plan binds the debtor and each creditor provided for by the plan. Viewed holistically, it becomes apparent that §1327 embodies the principle that confirmation is the point in the Chapter 13 process at which creditors' rights to property of the estate, as expressly dealt with in the proposed plan, become fixed.[6] Confirmation of a plan under which a creditor's claim against property of the estate is stripped off, for example, constitutes a final adjudication of that claim that has *res judicata* effect under §1327. Where a plan proposes to avoid or limit a lien on property, the lien creditor must object to the plan before confirmation occurs or risk losing those rights. The concept of vesting in §1327 establishes with finality a debtor's rights vis-à-vis creditors (and the trustee) as to the property in the estate at the time of confirmation of the plan.[7] The possibility that a debtor might acquire new property interests after confirmation is addressed in §§1306 and 1329. It follows that §1327 should not be accorded any

---

[6] A valid lien on property remains intact if not expressly challenged by the debtor in the plan or by another permissible procedure. See *Cen-Pen Corporation v. Hanson,* 58 F.3d 89 (4th Cir. 1995); *In re Zimmerman,* 276 B.R. 598 (Bankr. C.D. Ill. 2001).

[7] The one statutory exception to the finality accorded to confirmation of a plan is found in §1330 which allows a confirmation order to be revoked if procured by fraud but only if revocation is sought within 180 days of the order of confirmation. That section contemplates the possibility that the fraud could be remedied if the debtor proposes and the court confirms a modification of the plan under §1329.

prospective effect on later acquired property interests which, by the design of the Code, are to be dealt with under §§1306 and 1329.

### **Plan Modification is Warranted**

The *Powers* opinion is instructive regarding the modification analysis under §1329, identifying three general limits on the bankruptcy court's power to approve a modification request.

1. The proposed modification must modify the plan in one of the ways specified in §1329(a)(1)-(4).

2. The modification must comport with the provisions of the Code listed in §1329(b)(1).

3. The modification may not result in a plan providing for payments over a term that is longer than permitted by §1329(c) and (d).[8]

With respect to the Code sections listed in §1329(b)(1), dealing with certain plan and confirmation requirements, the Seventh Circuit overruled the district court's conclusion that a modification is only permissible if supported by one of those Code provisions. The Seventh Circuit clarified that a plan modification is not required to be based on any of the provisions listed in §1329(b)(1). Rather, it is only necessary that the modification not be inconsistent with those provisions. 826 F.3d at 973-74. The court specifically determined that a debtor's good faith will be at issue when it is the debtor who requests modification, but not when a modification is proposed by the trustee or an unsecured creditor. *Id.* at 975.

---

[8] §1329(d) was added by the CARES Act and permits an extension of the plan term beyond 5 years and up to 7 years if the debtor suffered a material financial hardship due to the COVID-19 pandemic. The Debtors obtained such a modification extending the term of their plan to 77 months.

Acknowledging that "no provision of the Code expressly permits modification when a change in the debtor's financial circumstances makes an increase in payments affordable," the court reasoned that "it does not follow that modification for this reason is forbidden." 826 F.3d at 974. Addressing the absence of standards for modification or other guidance in §1329, the court reasoned further:

> "Because Congress did not provide express standards to govern modifications by trustees and unsecured creditors, it necessarily left the development of those standards to the courts. And, as we have explained, the courts have long recognized that a trustee or an unsecured creditor may seek modification when the debtor's financial circumstances change after confirmation and result in the debtor having the ability to pay more."

826 F.3d at 974 (citations omitted).

The Trustee's motion to modify the Debtors' plan to provide for payments of an amount sufficient to pay allowed claims of unsecured creditors 100% does not run afoul of any of the three general limits on a bankruptcy court's power to approve a modification, as laid out by the Seventh Circuit. This Court finds as a matter of its discretion that the inheritance received by Mr. Powell is a significant improvement in the Debtors' financial condition that warrants increasing the distribution to unsecured creditors to 100%. Accordingly, the Trustee's motion will be granted.

This Opinion constitutes this Court's findings of fact and conclusions of law under Rule 7052(a)(1) of the Federal Rules of Bankruptcy Procedure. A separate order will be entered.

# # #